## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ELAINE M. HEIBEL | * | |
| CHARLES W. HEIBEL | | |
| 2315 Greenspring Valley Road | * | |
| Stevenson, Maryland 21153 | | |
| | * | |
| *Plaintiffs* | | |
| | * | |
| vs. | | |
| | * | |
| CHESACO MOTORS, INC. | | |
| t/a Chesaco RV | * | |
| 911 Pulaski Highway | | |
| Joppa, Maryland 21085 | * | |
| | | |
| SERVE ON: | * | Civil Case No. |
| Vadim Steven Shapiro, | | |
| Resident Agent | * | |
| 10946 Beaver Dam Road, Suite G | | |
| Hunt Valley, Maryland 21030 | * | |
| | | |
| and | * | |
| | | |
| FOREST RIVER, INC. | * | |
| 55470 County Road 1 | | |
| Elkhart, Indiana 46514 | * | |
| | | |
| SERVE ON: | * | |
| CSC – Lawyers Incorporating | | |
| Service Company | * | |
| 7. St. Paul Street | | |
| Suite 280 | * | |
| Baltimore, Maryland 21202 | | |
| | * | |
| and | | |
| | * | |
| BRANCH BANKING AND TRUST | | |
| COMPANY D/B/A BRANCH BANKING | * | |
| AND TRUST | | |
| 150 South Stratford Road | * | |
| Suite 201 | | |

Winston Salem, North Carolina 27104     *

   SERVE ON:     *
   The Corporation Trust Incorporated
   351 West Camden Street     *
   Baltimore, Maryland 21201
    *

*Defendants*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT
## AND
## PRAYER FOR JURY TRIAL

Plaintiffs, Elaine M. Heibel and Charles W. Heibel, by and through their attorneys, Jane Santoni and Santoni, Vocci & Ortega, LLC, file this Complaint against Defendants Chesaco Motors, Inc. ("Chesaco"), Forest River, Inc. ("Forest River"), and Branch Banking and Trust Company d/b/a Branch Banking and Trust ("BB&T").

## PRELIMINARY STATEMENT

This case involves a "lemon" Recreational Vehicle ("RV"), a 2015 Cedar Creek 36 CKTS, VIN XXXXXXXXXXX13470 (the "vehicle"), costing over $66,000 (plus finance charges). The vehicle has serious defects, including but not limited to: the valves which drain water and sewage would not open and close properly, causing sewage and other water to shoot out of the discharge line when the sanitary cap is removed; the screen door would not close properly; the power awning would not operate properly; the air conditioning ceiling unit was making a noise due to construction debris which had been left in the unit; the stove ignitors would not work; the countertops were not level; the rear mounted camera would not operate; and there were/are other electrical problems. In addition, while in Defendant Chesaco's possession, the vehicle was vandalized, items were stolen and there

2

were additional damages.

Plaintiffs have asserted claims under the applicable provisions of the Maryland Commercial Code (UCC), the Magnuson Moss Warranty Act and the Maryland Consumer Protection Act.

## JURISDICTION

1. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 U.S.C. 2301, *et seq.*, invoking 28 U.S.C. 1331.

## IDENTIFICATION OF PARTIES

2. Plaintiffs Elaine and Charles Heibel ("Plaintiffs" or "the Heibels") are natural persons residing in Maryland and are consumers and buyers within the meaning of applicable laws.

3. Defendant Forest River, Inc. ("Forest River") is a corporation authorized to do business in Indiana and Maryland, is the manufacturer of the subject RV and is a warrantor of a vehicle that Plaintiffs purchased.

4. Defendant Chesaco Motors, Inc. ("Chesaco") is a corporation doing business in Maryland and is the seller of the subject RV and is a warrantor of the vehicle that Plaintiffs purchased.

5. Both Defendants Forest River and Chesaco are "merchants" as defined by MD. CODE ANN., COMM. LAW § 2-104(1).

6. Defendant Branch Banking and Trust Company d/b/a Branch Banking and Trust ("BB&T") is a corporation doing business in Maryland and is the financer and holder of the consumer credit contract for the subject vehicle.

## FACTS COMMON TO ALL COUNTS

7. Plaintiffs were looking for a recreational vehicle so they could take their grandchildren camping. They were attracted to the subject recreational vehicle (the "RV") because it was lightweight, which allowed them to tow it behind their truck. They also liked the lay-out of the vehicle. They bought the vehicle brand new, reasonably anticipating that there would be little or no problems with a new recreational vehicle.

8. When the RV was purchased on July 25, 2015 from Defendant Chesaco, it came with an express written warranty from Forest River (*see* Retail Installment Sales Contract, Exhibit 1, and Express Warranty, Exhibit 2).

9. The contract contained a provision stating,

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Thus, BB&T, as holder, is subject to all actions against Chesaco.

10. One day after purchase, problems began, including electrical problems. As a result, one week after purchase, on August 3, 2015, the Plaintiffs took the RV back to the dealer, Defendant Chesaco, where it remained until August 11, 2015.

11. The problems were not fixed and new problems surfaced, so the Plaintiffs took the RV back to Chesaco numerous times during August and September of 2015 for repairs. Although the Plaintiffs were told the RV was fixed, it was not.

12. Finally, on or about October 12, 2015, the Plaintiffs took it to Chesaco where it

4

remained until April 14, 2016. During this time, they made repeated pleas to have it repaired, but it was not.

13. To make matters worse, while the RV was in Chesaco's possession, it was vandalized, the television was stolen, and other parts of the RV were damaged. Due to the damage (including a broken window and window frame), the vehicle became unsecure, exposing the RV to further damage and theft.

14. Between the date of purchase, July 25, 2015, and April 14, 2016, almost 9 months, the Plaintiffs had use of their brand new $67,000 RV for a total of approximately ***4 weeks.***

15. On February 3, 2016, Plaintiffs, through a letter sent by their attorney, (See Exhibit 3) placed Defendants Chesaco and Forest River on formal notice of warranty violations and again demanded a fix.

16. Plaintiffs continued to attempt to have the RV repaired vehicle but were unsuccessful.

17. On April 14, 2016, Plaintiffs picked the RV up from Defendant Chesaco after Defendant Chesaco assured them that the warranted items had been repaired. Unfortunately, they had not been repaired, and the RV remains defective.

18. Plaintiffs have experienced repeated problems with various aspects of the RV. In an attempt to mitigate damages, Plaintiffs have paid to have some defects repaired. Others remain. The problems that Defendants have not fixed are as follows:

    a. The back up camera did not function.

    b. The awning would not retract properly.

      c. The refrigerator was leaking.

      d. The entrance screen door did not open and close properly.

      e. The stove ignitors would not work.

      f. The valves from the sewage tank do not function properly, spilling sewage laced water.

      g. The valves from the other water lines do not function properly, spilling "gray water".

      h. The kitchen countertop is not level.

      i. The television is missing.

      j. The window is broken.

      k. The door is broken.

      l. The front side of the camper is damaged.

      m. There is a crack in the fiberglass.

      n. There may be other problems yet to be determined.

19. Plaintiffs have been unable to use the vehicle in the expected, normal and customary manner because of the defects and malfunctions experienced with the RV and Plaintiffs' loss of confidence in the reliability of the RV and loss of confidence in the ability of Forest River and/or Chesaco to live up to their warranties.

20. The vehicle has been in for warranty repair and service multiple times for a laundry list of defects far exceeding what a reasonable person would expect for a vehicle that should have been manufactured right in the first place. The vehicle has been out of service by reason of repairs an unreasonable number of days and a time far exceeding what a reasonable

6

person would reasonably expect for the quality of vehicle which Defendants represented this model vehicle would be. The service work was performed under warranties from both Defendants.

## COUNT I
## BREACH OF EXPRESS AND IMPLIED WARRANTIES
## DEFENDANTS FOREST RIVER, CHESACO, AND BB&T

21. Plaintiffs incorporate all prior paragraphs.

22. Defendants Forest River and Chesaco, merchants as defined in MD. CODE ANN., COMM. LAW § 2-104, sold Plaintiffs consumer goods, i.e., a recreational vehicle. Plaintiffs had express warranties and implied warranties from both Defendants, pursuant to both written warranties and implied warranties in accordance with Maryland law (MD. CODE ANN., COMM. LAW § 2-301, *et seq.*)

23. Defendants breached these warranties to Plaintiffs and/or negligently designed and constructed and sold the subject vehicle. The vehicle sold to Plaintiffs failed to operate and function right and was not fixed within a reasonable number of attempts or within a reasonable amount of time. Further, the laundry list of problems, combined with the number of days the vehicle spent out of service, substantially impairs the vehicle's use, value, and/or safety to Plaintiffs.

24. Plaintiffs reported these non-conformities within a reasonable time of discovery, and during the warranty period, but Defendants have either refused or been unable to repair the defects in this RV within a reasonable amount of time or a reasonable number of attempts.

25. Plaintiffs' faith and confidence in the reliability of this RV, and in the ability of Defendants to live up to express and implied warranties, has been ***seriously*** shaken. The defects

in the vehicle have seriously shaken the Plaintiffs' faith and undermined their confidence in the reliability and integrity of the vehicle and its component parts, and substantially impaired the vehicle's value to Plaintiffs.  Plaintiffs believe and allege herein that the Defendants' warranties have both been breached for all of the reasons set forth above.

26. The RV was subject to multiple repair attempts, was out of service for months and had multiple different defects which substantially impaired the use, value, and/or safety of the subject vehicle.

27. The subject RV, at the time of sale, did not conform to ordinary standards for which it was represented, either expressly or impliedly.

28. The essential purpose of the warranties to Plaintiffs on the subject RV was to give Plaintiffs and their family confidence in the ability of Defendants to design, construct, and sell a safe and reliable RV and its component parts, and that the RV and its component parts would not be plagued with excessive and unreasonable defects and malfunctions and/or require repeated and/or unsuccessful repair attempts to cure the vehicle of its defects and malfunctions. However, the express and implied warranties to Plaintiffs have failed of their essential purposes.

29. Plaintiffs attempted to revoke their original acceptance and sought return of the purchase price to them, but Defendants refused and have continued to do so.

30. As a result of the above, and the allegations below, Defendants Forest River and Chesaco breached their obligations to Plaintiffs and thereby caused injury to Plaintiffs under the MD. CODE ANN., COMM. LAW § 2-301, *et seq*., including but not limited to §§ 2-313, 2-314 and 2-315.

31. As a Holder, BB&T is liable for the actions and liabilities of Chesaco.

32. Plaintiffs seek cancellation of the contract, repayment of the purchase price, and all additional fees, including all interest and finance charges. They have been otherwise injured and damaged.

WHEREFORE, Plaintiffs claim against Defendants Forest River, Chesaco, and BB&T, jointly and severally, cancellation/revocation of the contract, return of the purchase price paid, plus consequential and incidental damages in the amount of $250,000, plus costs and fees against these Defendants, jointly and severally.

## COUNT II
## CANCELLATION UNDER MAGNUSON-MOSS ACT
## DEFENDANTS CHESACO, FOREST RIVER, AND BB&T

33. Plaintiffs incorporate all prior paragraphs.

34. This count is an action against Defendants brought pursuant to 15 U.S.C. § 2310(d) of the Magnuson-Moss Warranty Act (hereafter "Magnuson-Moss") for actual damages and to cancel the contract pursuant to the Plaintiffs' rejection, or in the alternative revocation of acceptance, for Defendants' breach of implied warranties.

35. The subject vehicle is a consumer product, as that term is defined in § 2301(1) of Magnuson-Moss, and was manufactured after July 4, 1975.

36. The Defendants are warrantors, as that term is defined in § 2301(5) of Magnuson-Moss.

37. The Plaintiffs are consumers, as that term is defined in § 2301(3) of Magnuson-Moss.

38. The Defendants have no dispute resolution mechanism which meets the requirements of 16 C.F.R. Part 703, promulgated by the Federal Trade Commission (FTC)

pursuant to § 2301(a)(2) of Magnuson-Moss.

39. The Plaintiffs gave Defendants a reasonable opportunity, on several occasions, as described above, to cure its failure to comply with its warranties, and Defendants did not cure.

40. As a Holder, BB&T is liable for the actions and liabilities of Chesaco.

WHEREFORE, the Plaintiffs pray that this court:

a. Declare that the contract involved herein is canceled;

b. Enter judgment for Plaintiffs and against Defendants, jointly and severally, for damages in the amount of $250,000;

c. Award the Plaintiffs their costs and reasonable attorney fees to be paid jointly and severally by Defendants; and

d. Grant such other relief as may be just and proper.

## COUNT III
### DAMAGES UNDER MAGNUSON-MOSS ACT
### DEFENDANTS FOREST RIVER, CHESACO AND BB&T

41. Plaintiffs incorporate all prior paragraphs.

42. This count is an action, brought in the alternative to Count II, in the event that Plaintiffs' cancellation is not given legal effect, against both Defendants Chesaco and Forest River pursuant to 15 U.S.C. § 2310(d) of the Magnuson-Moss Warranty Act, 15. U.S.C. § 2301, *et seq.*, for actual damages which Defendants did not cure.

43. As a Holder, BB&T is liable for the actions and liabilities of Chesaco.

WHEREFORE, the Plaintiffs pray that this court:

a. Enter judgment for Plaintiffs and against Defendants, jointly and severally, for damages in the amount of $250,000;

  b. Award the Plaintiffs their costs and reasonable attorney fees to be paid jointly and severally by Defendants; and

  c. Grant such other relief as may be just and proper.

## COUNT IV
## VIOLATION OF THE CONSUMER PROTECTION ACT
## DEFENDANTS CHESACO AND BB&T

44. Plaintiffs incorporate all prior paragraphs.

45. The Consumer Protection Act applies as Plaintiffs are consumers, the subject vehicle was bought for consumer use and these Defendants are merchants in accordance with MD. CODE ANN., COMM. LAW § 13-101.

46. Maryland's Consumer Protection Act, MD. CODE ANN., COMM. LAW § 13-301, deems the following to be an unfair and deceptive trade practice in violation of the law:

  a. False, falsely, disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers. MD. CODE ANN., COMM. LAW § 13-301(1);

  b. Representation that consumer goods…or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit or quantity which they do not have. MD. CODE ANN., COMM. LAW § 13-301(2)(i);

  c. Representation that consumer goods…or consumer services are of a particular standard, quality, grade, style, or model which they are not. MD. CODE ANN., COMM. LAW § 13-301(2)(iv);

    d. Failure to state a material fact if the failure deceives or tends to deceive. MD. CODE ANN., COMM. LAW § 13-301(3);

    e. Advertisement or offer of consumer goods….or consumer services without intent to sell…them as advertised or offered. MD. CODE ANN., COMM. LAW § 13-301(5)(i);

    f. Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of any consumer goods…or consumer service. MD. CODE ANN., COMM. LAW § 13-301(9)(i);

    g. Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the kind of merchandise…or service solicited. MD. CODE ANN., COMM. LAW § 12-301(9)(iii).

47. Defendant Chesaco violated these provisions in the following ways:

    a. Selling a vehicle with numerous problems.

    b. Failing to reveal the numerous problems with the subject vehicle to the Plaintiffs.

    c. Stating the vehicle was repaired when it was not.

    d. Failing to timely repair the vehicle.

    e. Failing to honor an express and implied warranty imposed by law.

    f. Failing to rescind the transaction.

g.  This Defendant may have breached this statute in other ways.

48. As a Holder, BB&T is liable for the actions and liabilities of Chesaco.

49. As a direct result of these violations, Plaintiffs have suffered and continue to suffer damages including paying for a vehicle which is dangerous to operate and which is not fit for the purpose for which it is intended. Plaintiffs have other damages as well, including economic and non-economic damages.

WHEREFORE, Plaintiffs claim damages in the amount of $250,000, plus costs and attorney's fees against Defendant Chesaco and BB&T, jointly and severally.

## COUNT V
## VIOLATION OF THE CONSUMER PROTECTION ACT
## DEFENDANT FOREST RIVER

50. Plaintiffs incorporate all prior paragraphs.

51. The Consumer Protection Act applies as Plaintiffs are consumers, the subject vehicle was bought for consumer use and this Defendant is a merchant in accordance with MD. CODE ANN., COMM. LAW § 13-101.

52. Maryland's Consumer Protection Act, MD. CODE ANN., COMM. LAW § 13-301, deems the following to be an unfair and deceptive trade practice in violation of the law:

a.  False, falsely, disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers. MD. CODE ANN., COMM. LAW § 13-301(1);

b.  Representation that consumer goods…or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit or

13

quantity which they do not have. MD. CODE ANN., COMM. LAW § 13-301(2)(i);

c. Representation that consumer goods…or consumer services are of a particular standard, quality, grade, style, or model which they are not. MD. CODE ANN., COMM. LAW § 13-301(2)(iv);

d. Failure to state a material fact if the failure deceives or tends to deceive. MD. CODE ANN., COMM. LAW § 13-301(3);

e. Advertisement or offer of consumer goods….or consumer services without intent to sell…them as advertised or offered. MD. CODE ANN., COMM. LAW § 13-301(5)(i);

f. Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of any consumer goods…or consumer service. MD. CODE ANN., COMM. LAW § 13-301(9)(i);

g. Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the kind of merchandise…or service solicited. MD. CODE ANN., COMM. LAW § 12-301(9)(iii).

53. Defendant Forest River violated these provisions in the following ways:

a. Falsely advertising and selling a vehicle which was defective and dangerous.

b. Failing to honor an express and implied warranty imposed by law.

      c. This Defendant may have breached this statute in other ways.

54. As a direct result of the these violations, Plaintiffs have suffered and continue to suffer damages, including paying for a vehicle which is dangerous to operate and which is not fit for the purpose for which it is intended. Plaintiffs have other damages as well, including economic and non-economic damages.

WHEREFORE, Plaintiffs claim damages in the amount of $250,000, plus costs and attorney's fees against Defendant Forest River.

## CLAIM FOR ATTORNEYS FEES

Plaintiffs intend to make a claim for attorneys' fees pursuant to state and federal law.

      /s/Jane Santoni_____
Jane Santoni, Attorney for Plaintiffs
Federal Bar #05303
Santoni, Vocci & Ortega, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(443) 921-8161 x 404
jsantoni@svolaw.com